UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH F. ESTRADA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FRESNO COUNTY JAIL,<br><br>　　　　　Respondent. | Case No. 1:23-cv-00444-CDB (HC)<br><br>FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>TWENTY-ONE DAY DEADLINE.<br><br>Clerk of Court to randomly assign District Judge |

Petitioner Rudolph F. Estrada ("Petitioner"), a state prisoner proceeding *pro se* with e a petition for writ of habeas corpus that the Court construes to be filed pursuant to 28 U.S.C. § 2254. (Doc. 1). A preliminary screening of the petition reveals it should be dismissed as the petition does not fall within the core of habeas corpus.

**The Petition**

On March 13, 2023, Petitioner filed the instant petition to the Sacramento Division of the Eastern District of California. (Doc. 1). Petitioner argues Fresno County Jail implemented a policy change to its "Inmate Orientation Handbook" requiring paperback books purchased by a third party to be "new and mailed directly from [legitimate], verifiable publisher[s], book distributors, online [bookstores]…or religious organizations." *Id*. at 8. Petitioner argues this policy is "an overly

1

restricted condition that directly violates indigent inmates' First Amendment" rights. *Id*. at 14. Petitioner sought administrate review from December 2022 to February 2023. *Id*. at 8, 10, 14, 16, 20. Petitioner's requests for administrative remedy were denied. *Id*. 12, 18, 20. It appears Petitioner requests Fresno County Jails' previous policy language as to paperback books be reinstated or the new policy be reconsidered. *Id*. at 10.

On March 23, 2023, the Honorable Magistrate Judge Deborah Barnes transferred this petition to the Fresno Division Eastern District of California. That same day, this Court issued an order authorizing Petitioner to proceed in *forma pauperis*. Accordingly, the petition is ripe for screening.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

Petitioner has failed to state a cognizable federal habeas claim. Federal law provides two main avenues for relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curium). Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). If a favorable challenge would not "necessarily lead to [a petitioner's] immediate or earlier release from

confinement," the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).  Instead, requests for relief turning on circumstances of confinement may be presented in a § 1983 action.  *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

Here, Petitioner appears to allege Fresno County Jail's new paperback book policy violates the First Amendment.  *See generally* (Doc. 1).  This claim relates to the condition of Petitioner's confinement rather than its legality.  An appropriate remedy for these claims, if proven, would be in the form of a change in conditions or related remedy, not release.  Indeed, Petitioner requests Fresno County Jail's former paperback book policy be reinstated, or the new policy be reconsidered.  *Id*. at 10.  Thus, Petitioner's claim is not cognizable in a federal habeas corpus proceeding.

The claims raised in the petition may be cognizable if raised in a § 1983 civil rights action. When a habeas petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

Habeas actions and § 1983 prisoner civil right cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. at 935-36 (citations omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage).  For instance, the filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, as it has been here, the fee is forgiven.  For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from the income to the prisoner's trust account.  *See* 28 U.S.C. § 1915(b)(1).  A prisoner who might be willing to file a habeas petition for which he or she

would not have to pay a filing fee might otherwise forgo a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Based on these differences between habeas and civil rights cases, the Court will recommend that this petition be dismissed. Because Petitioner cannot set forth a viable claim for relief, the petition will be dismissed without leave to amend. *Jarvis*, 440 F.2d at 14. Though the undersigned expresses no view regarding the merits of any such claim, Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on the allegations contained in the petition.

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY ORDERED:

1. The Clerk of Court is DIRECTED to randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations.

2. The Clerk of Court is DIRECTED to send Petitioner one blank copy of the form complaint for 42 U.S.C. § 1983 civil rights action.

And IT IS HEREBY RECOMMENDED

1. The petition shall be DISMISSED without leave to amend for failure to state a habeas claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days of being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 29, 2023__                  _____
                                           UNITED STATES MAGISTRATE JUDGE